**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

**BILLY E. PRINCE,
individually, and as a personal representative
for the late JUDITH A. PRINCE,**

       Plaintiff,

**v.**                                  **Civil Action No. 1:15-cv-6
(BAILEY)**

**SEARS HOLDINGS CORPORATION,
a Delaware Corporation**,

       Defendant.

<u>**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS**</u>

Currently pending before this Court are Defendant Sears Holding Corporation's ("Sears") Motion to Dismiss [Doc. 3], filed on January 23, 2015, and Plaintiff Billy E. Prince's ("Prince") Motion to Remand [Doc. 12], filed on February 16, 2015. Plaintiff filed a Motion to Remand [Doc. 12] and Response in Opposition to Sears' Motion to Dismiss in conjuncture with his Memorandum in Support of his Motion to Remand [Doc. 13] on February 16, 2015. Sears filed a Reply in Support of its Motion to Dismiss Plaintiff's Complaint and in Response to Plaintiff's Motion to Remand [Doc. 14] on February 23, 2015. Plaintiff subsequently filed a Reply to Sears' response [Doc. 15] on March 2, 2015. This matter is now ripe for decision after having been transferred to this Court on September 22, 2015 [Doc. 17]. For the reasons set forth below, this Court hereby **GRANTS** Sears' Motion to Dismiss **[Doc. 3]** and **DENIES** Plaintiff's Motion to Remand this action to state court **[Doc. 12]**.

1

## I. BACKGROUND:

Plaintiff filed the instant Complaint in the Circuit Court of Marion County on December 17, 2014 [Doc. 1-1]. In the Complaint, Prince notes that he was employed by Sears as a service technician [Id. at ¶ 1]. While employed by Sears, Prince contends that he submitted an application for optional life insurance coverage on behalf of Mrs. Prince through Prudential Insurance Company of America ("Prudential") for $150,000.00 (the policy is hereafter referred to as the "Spouse Life policy") [Id. at ¶ 10]. As part of the application, Prince filled out a "Short Form Health Statement Questionnaire," which Prudential confirmed that it received and sent back to Mrs. Prince by letter dated November 2, 2010 [Id. at ¶ 11].

Prince received no further correspondence regarding the life insurance coverage until Sears sent him a "Health and Group Benefits Confirmation of Coverage" statement on May 23, 2011 [Id. at ¶ 12]. This letter reflected "Spouse Life" coverage in the amount of $150,000, for which Prince paid premiums of $25.50 during each pay period [Id.]. Premiums were withheld from his paycheck for the Spouse Life policy (labeled on the paycheck as "SHC Term") beginning on June 10, 2011 and continuing through September 27, 2013 [Id. at ¶ 13]. On October 6, 2011, while having her gall bladder removed, Mrs. Prince was diagnosed with Stage IV liver cancer [Id. at ¶ 14].

On October 18, 2012, Prince accessed his online Sears benefits summary and confirmed that the Spouse Life policy was "in effect as of January 1, 2013" [Id. at ¶ 15]. On September 23, 2013, Prince received an "Account Update Notice" from Sears dated September 16, 2013, which advised:

"[d]uring a recent system audit, it was discovered that Optional Spouse Life

Insurance was applied to your account without the proper Statement of Health approval. Statement of Health (also known as Evidence of Insurability) approval from the insurance carrier is required for certain increases in coverage. Because the insurer does not have record of an approved Statement of Health, your Optional Spouse Life Insurance has been reduced to the coverage in force prior to the increase. Premiums taken for the increased coverage amount will be refunded to you via payroll as soon as administratively possible."

[Id. at ¶ 16]. After Prince objected to the coverage termination, Sears responded by stating that it had sent him a letter on January 1, 2011, advising him that it had stopped processing his application for life insurance coverage because he had not completed a long form Evidence of Insurability questionnaire [Id. at ¶ 18]. Prince claims that he did not receive the January 2011 letter, and had no knowledge that his application was denied until he received the September 2013 letter [Id. at ¶ 19].

Mrs. Prince passed away on May 16, 2014, and Prince was named executor of his wife's estate on June 6, 2014 [Id. at ¶¶ 3 and 20]. Prince has since filed the instant action against Sears, "not as a beneficiary challenging a coverage decision made concerning the Prudential life insurance plan or seeking benefits therefrom, but rather seeking damages against Sears . . . for its [alleged] tortious conduct which may be measured . . . by the amount of coverage afforded by the Prudential plan" [Id. at ¶ 21]. As such, Prince alleges causes of action sounding in Constructive Fraud/ Negligent Misrepresentation ("negligent misrepresentation claim") and Intentional/Reckless Infliction of Emotional Distress ("IIED claim"), and seeks both compensatory and punitive damages [Id. at ¶¶ 22-34].

Sears removed this action on January 16, 2015, pursuant to 28 U.S.C. §§ 1441 and 1446 because this case involves federal question jurisdiction [Doc. 1 at ¶¶ 1-3]. In so removing, Sears notes that "Plaintiff's Complaint is predicated on the alleged termination

3

and/or denial of dependent life benefits under a life insurance plan sponsored by Sears," which constitutes an employee welfare benefit plan for the purposes of ERISA. As such, they contend that because Plaintiff seeks to recover benefits due to him under the plan, this action is properly before this Court [Id. at ¶¶ 4-5]. Sears further contends that because Prince's cause of action is based on the denial of dependent life insurance benefits allegedly due to him, those claims are completely preempted by ERISA per the terms of 29 U.S.C. § 1441(a) and the Supreme Court's holding in **Aetna Health Inc. v. Davila**, 542 U.S. 200, 209 (2004) (noting that, ". . . any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted"). Sears contends applicable Fourth Circuit case law counsels in favor finding that Prince's claims are completely preempted [Id. at ¶¶ 6-11; *citing* **Smith v. Logan**, 363 F. Supp. 2d 804, 809 (E.D. Va. 2004) (contending that Prince's claims meet the Fourth Circuit's complete preemption test); *see also* **Powell v. Chesapeke and Potomac Telephone Co. of Virginia**, 780 F.2d 419, 421 (4th Cir. 1985) (contending Prince's breach of fiduciary duties claims are also completely preempted by ERISA)].

Shortly after removing this action, Sears filed the instant Motion to Dismiss [Doc. 3]. In support of that Motion, Sears contends that Prince's claims should be dismissed pursuant to F. R. Civ. P. 12(b)(6), because, while they are labeled as state law claims, they should be completely preempted by ERISA. Prince filed a Motion to Remand [Doc. 12] and Response in Opposition to Sears' Motion to Dismiss in conjuncture with his Memorandum in Support of his Motion to Remand [Doc. 13] on February 16, 2015. In his Response,

4

Prince contends that this action must be remanded to the Circuit Court of Marion County, pursuant to 28 U.S.C. § 1447(c), as his claims are not preempted by ERISA [Doc. 12 at 1]. He further argues that because the removal of this action was improper, he is entitled to attorneys' fees and costs incurred "fighting" the improper removal of this action [Id.]. Sears filed a Reply in Support of its Motion to Dismiss Plaintiff's Complaint and in Response to Plaintiff's Motion to Remand ("Response") [Doc. 14] on February 23, 2015. In its Reply, Sears reiterates many of the same arguments that it made in its Motion to Dismiss, and again asserts that Prince's state law claims are preempted by the "broad force" of ERISA [Id. at 1]. Prince subsequently filed a Reply to Sears' response [Doc.15] on March 2, 2015. In that Reply, he asserts that "[w]hen fairly applying the Fourth Circuit's three-pronged complete preemption test to the claims/facts asserted in this action, and resolving any doubts against removal, it is clear that remand is necessary because Plaintiff's claims are not enforceable under § 502(a) of ERISA . . .." [Id. at 8]. The arguments made in those various motions will be discussed in greater detail below.

## II. LEGAL STANDARD:

A. Removal Jurisdiction Generally:

In general, an action filed in state court may be removed to federal court only if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441; *see also* **Darcangelo v. Verizon Communications, Inc.**, 292 F.3d 181, 186 (4th Cir. 2002). District courts have original jurisdiction over "federal question" cases: ones which present a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

A cause of action "arises under" federal law where the plaintiff's well-pleaded

complaint raises issues of federal law.  ***Metropolitan Life Ins. Co. v. Taylor***, 481 U.S. 58, 63 (1987) (citing ***Gully v. First N. Bank***, 299 U.S. 109 (1936)).  The "well-pleaded complaint rule" demarcates the boundaries of district courts' federal question jurisdiction; under the rule, courts ordinarily look no further than the face of the plaintiff's complaint in determining whether federal question jurisdiction exists.  ***Franchise Tax Bd. v. Construction Laborers Vacation Trust***, 463 U.S. 1, 8–9 (1983).  One corollary to the well-pleaded complaint rule, however, converts an ordinary state common law complaint into one stating a federal claim: the doctrine of complete preemption.  Congress may so completely preempt a particular area that any state complaint raising a claim in that area is deemed federal in character.  ***Taylor***, 481 U.S. at 63–64.

B.    Motion to Dismiss:

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is *plausible* on its face.'  ***Bell Atl. Corp. v. Twombly***, 127 S. Ct. 1955, 1974 (2007) (emphasis added)."  ***Giarratano v. Johnson***, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs.  ***Edwards v. City of Goldsboro***, 178 F.3d 231, 243-44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice.  ***Anheuser-Busch, Inc. v.***

***Schmoke***, 63 F.3d 1305, 1312 (4th Cir. 1995).  In ***Twombly***, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," ***Id***. at 1964-65, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible."  ***Id***. at 1974.

## III.  DISCUSSION:

A.    ERISA's Complete Preemptive Power Post-***Aetna Health***:

As is clear from the parties' briefs on the matter, the central issue in considering this Motion to Dismiss is whether Prince's claims are preempted by ERISA.  Before considering that issue, it is necessary to briefly discuss the ERISA statutory scheme.  ERISA was enacted to "protect . . . the interests of participants in employee benefit plans and their beneficiaries" by regulating employee benefit plans and to "provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts."  29 U.S.C. § 1001(b); *see also* ***Ingersoll-Rand Co. v. McClendon***, 498 U.S. 133, 137 (1990) (noting that ERISA is a "closely integrated regulatory system" that is "designed to promote the interests of employees and their beneficiaries in employee benefit plans").  ERISA is a comprehensive statute: it not only sets forth a unified regulatory scheme, but also contains a civil enforcement mechanism which empowers any ERISA-plan beneficiary to bring suit for recovery of benefits, enforcement of rights, or clarification of rights to future benefits under his insurance plan.  ERISA § 502(a), 29 U.S.C. § 1132(a).

Section § 502 has "extraordinary pre-emptive power"; the Supreme Court has held that causes of action falling within its scope are completely preempted, as § 502 is meant

7

to ensure "that employee benefit plan regulation [will] be 'exclusively a federal concern.'"
***Aetna Health Inc. v. Davila***, 542 U.S. 200, 208-210 (2004) (quoting ***Metropolitan Life Ins.
Co. v. Taylor***, 481 U.S. 58, 65 (1987); ***Alessi v. Raybestos-Manhattan, Inc.***, 451 U.S.
504, 523 (1981)).   As Justice Thomas wrote in the ***Aetna Health*** opinion, the test for
whether ERISA preemption applies is to look whether, "any state law cause of action that
duplicates, supplements, or supplants the ERISA civil enforcement remedy with the clear
congressional intent to the make the ERISA remedy exclusive and is therefore preempted."
***Id.*** at 209.   Moreover, "if an individual brings suits complaining of a denial of coverage . .
. where the individual is entitled to such coverage only because of the terms of an ERISA-
regulated employee benefit plan, and where no legal duty (state or federal) independent
of ERISA or the plan terms is violated, then the suit falls 'within the scope of' ERISA §
502(a)(1)(B)." ***Id.*** at 211.  Thus, where a complaint contains state claims that fall within the
scope of § 502*,* those claims are converted into federal claims, rendering the action
removable to federal court.    ***Taylor***, 481 U.S. at 66–67; ***Darcangelo v. Verizon
Comm'cns, Inc.***, 292 F.3d 181, 187 (4th Cir. 2002) (citing ***Taylor***).

The Fourth Circuit articulated a three-part ERISA preemption test in ***Sonoco
Products Co. v. Physicians Health Plan, Inc.***, 338 F.3d 366 (4th Cir. 2003), which this
Court will apply to the facts of this case.  *See* ***Deem v. BB&T Corp.***, 2007 WL 1848033
(S.D. W.Va. June 25, 2007) (Judge Goodwin notes in that decision that the Supreme
Court's ***Aetna Health*** test and the Fourth Circuit's ***Sonoco*** test are "similar" and applied
that test).  First, this Court must determine whether the plaintiff had standing to bring an
ERISA claim.  ***Sonoco Products Co.***, 338 F.3d at 372.  Next, that claim must "fall within

the scope of an ERISA provision that [the plaintiff] can enforce via § 502(a)." *Id.* Finally, this claim must not be capable of resolution "without an interpretation of the contract governed by federal law." *Id.* This Court will apply that three-pronged test to the facts of Prince's case.

B.      Prince's Claims are Preempted by ERISA:

      **a**. **Prince Had Standing to File his Claims under ERISA**:

First, this Court will determine whether Prince had standing to bring his claims under the ERISA statutory scheme.  An individual has standing to bring a claim under ERISA if he or she is or was a participant in the plan.  *Deem*, 2007 WL 1848033 at *3.  Here, a participant is defined as, "any employee or former employee of an employer who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer." 29 U.S.C. § 1002(7).  As Prince readily admits in the Complaint, he was employed by Sears as a service technician [Doc. 1-1 at ¶ 1].  Prince admits that while employed by Sears, he submitted an application for the Spouse Life policy at issue in this case [Id. at ¶ 10].  In his Response, Prince further admits that he "is a participant in a Prudential plan sponsored by Sears with respect to his own life insurance coverage" [Doc. 13 at 5].  However, he also argues in that Response that because the Policy at issue purportedly never became effective, he may not have standing to assert an ERISA claim [Id.].

Prince's arguments miss their mark, as he clearly had standing to bring the instant claim under ERISA.  As he admitted in his Complaint, Prince was a Sears employee at all times relevant to this action [Doc. 1-1 at ¶ 1].  Whether the plan was actually effective is

inconsequential to determine whether he had standing to bring an ERISA claim, per the plain language of 29 U.S.C. § 1002(7), which is cited above. Because Prince was an employee of Sears and was eligible to receive benefits under the Spouse Life Policy, his arguments fail given that he had standing to file the instant claim under the ERISA statutory scheme.

**b**. **Prince's Claims are Enforceable Under § 502(a) of ERISA**:

Next, this Court must determine whether Prince's claims against Sears "fall within the scope of an ERISA provision that [the plaintiff] can enforce via § 502(a)[, 29 U.S.C. 1132(a)]." *Sonoco Products Co.*, 338 F.3d at 372. As United States District Judge Frederick P. Stamp, also of the Northern District of West Virginia, noted: "where a putative state law claim relates to an employee benefit plan and falls within the scope of § 502(a), such claims . . . are subject to complete preemption . . . under ERISA." *RG Steel Wheeling, LLC v. Health Plan of the Upper Ohio Valley, Inc.*, 2014 WL 3845215 at *7 (N.D. W.Va. Aug. 5, 2014). As such, this Court will analyze Prince's negligent misrepresentation and IIED claims to determine whether they are enforceable under ERISA's § 502(a). *See* **Deem**, 2007 WL 1848033 at *2-3.

Here, Sears contends that Prince could have brought this claim under § 502(a)(1)(B), because that provision allows for civil actions to be brought, "by a participant . . . to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits due to him under the terms of the plan" [Doc. 4 at 8; *citing* 29 U.S.C. § 1132(a)(1)(B)]. Prince counters by arguing that he does not seek benefits or rights due to him under the terms of the plan, but

instead seeks recourse for Sears' purported misrepresentations made to him regarding the Spouse Life Plan [Doc. 13 at 6]. He further argues that because his claims do not "concern the terms of the Prudential plan . . . he could not have brought these claims pursuant to § 502(a)" [Id.].

Prince's contentions are misplaced, as he clearly seeks redress for benefits which allegedly existed or were due to him under an employee benefit plan. First, applicable Fourth Circuit precedent explicitly preempts Prince's negligent misrepresentation claim: "ERISA preempts state common law claims of fraudulent or negligent misrepresentation when the false representations concern the existence of benefits under an employee benefit plan. In fact, ERISA preemption is commonly understood to apply to state common law claims that an ERISA fiduciary misrepresented the nature or availability of . . . benefits . . .." *Griggs v. E.I. DuPont de Nemours & Co.*, 237 F.3d 371, 378 (4th Cir. 2001) (citations omitted). Similarly, in *Conner v. Elkem Metals Co.*, 2008 WL 5122197 (S.D. W.Va. Dec. 5, 2008), United States District Judge Thomas Johnston of the Southern District of West Virginia found that where a plaintiff's negligent misrepresentation claim was entirely premised upon the purported existence of a pension-retirement plan, that claim was preempted by ERISA. It is clear from this case precedent that Prince can and must file his negligent misrepresentation claim pursuant to the statutory scheme set forth in § 502(a).

Even if Prince's negligent misrepresentation claim was not explicitly preempted by *Griggs*, both that claim and his IIED claim "fall within the scope of an ERISA provision that [the plaintiff] can enforce via § 502(a)," because of the character of those claims. *Sonoco Products Co.*, 338 F.3d at 372. "When a state law claim may be fairly viewed as an

alternative means of recovering benefits allegedly due under ERISA, there will be preemption." *Gresham v. Lumbermen's Mut. Cas. Co.*, 404 F.3d 253, 258 (4th Cir. 2005); *citing Aetna Health*, 542 U.S. at 209. Here, Prince seeks to recover benefits due under ERISA, because his claims are predicated upon the existence of the Spouse Life policy at issue. For example, in his Complaint, he seeks the exact amount purportedly due to him under the $150,000 life insurance policy [Doc. at ¶ 28, "Plaintiff's damages truly became realized on May 26, 2014, when Mrs. Prince passed – without the $150,000 life insurance coverage"]. While Prince contends that his claims "do not hinge on the provisions of an ERISA plan," the language of the Complaint, cited above, clearly undermines this contention. How a given plaintiff "denominates his claim," or damages, "does not determine whether it is within the scope of § 502(a)." *Warren, Jr. v. Blue Cross and Blue Shield of South Carolina*, 129 F.3d 118 (4th Cir. 1997) (citations omitted). All of Prince's claims arise out of Sears' alleged improper conduct in administering or effectuating the Spouse Life policy. No matter the guise given to those claims in the Complaint, they clearly are enforceable under § 502(a) of ERISA.

As an additional matter, Prince argues that this case is analogous to *Tovey v. Prudential Ins. Co. of Amer.*, 42 F.Supp.2d 919 (W.D. Mo. 1999), and that this Court should adopt the *Tovey* Court's reasoning to find that his claims are not preempted by ERISA [Doc. 13 at 7-8]. While the *Tovey* Court utilized a test similar to the Fourth Circuit's to find that the plaintiff's negligent misrepresentation claims therein were not preempted by ERISA, his reliance on that case here is misplaced. Not only was this case decided before *Aetna Health*, but that decision has also been seriously called into question. *See Graham*

***v. Hubbs Mach. and Mfg., Inc.***, 49 F.Supp.3d 600, 612 (E.D. Mo. 2014) (noting that since ***Tovey*** was decided, "the Eighth Circuit has since plainly distinguished between the two types of preemption under ERISA," as have the circuit courts cited by the ***Tovey*** court). In short, this Court declines to follow the ***Tovey*** rationale, as it is a clear outlier in the realm of ERISA preemption.

Finally, Prince's reliance on ***Pizlo v. Bethlehem Steel Corp.***, 884 F.2d 116 (4th Cir. 1989), is similarly misplaced. In that case, the Fourth Circuit found that state law claims for breach of contract, promissory estoppel, and negligent misrepresentation were not preempted by ERISA. ***Id.*** at 120-121. The Court's rationale indicated that they allowed those claims to proceed because, "the claims do not bring into question whether plaintiffs are eligible for plan benefits, but whether they were wrongfully terminated from employment after an alleged oral contract of employment for a term." ***Id.*** Crucially, it did not turn on eligibility for ERISA plan benefits, but rather whether those plaintiffs were entitled to damages for a cause of action that did not involve an ERISA plan. As such, this Court concludes that ***Pizlo*** is also easily distinguishable from Plaintiff's claims.

**c**. **Prince's Claims Require an Interpretation of ERISA**:

Finally, Prince's claims must not be capable of resolution "without an interpretation of the [insurance] contract governed by [ERISA]." ***Sonoco Products Co.***, 338 F.3d at 372. If there is an "independent legal duty implicated by [Sears'] actions," then the "independent legal duty removes the case from ERISA's preemptive scope." ***Radcliff v. El Paso. Corp.***, 377 F.Supp.2d, 558, 563-564 (S.D. W.Va. July 20, 2005). Here, for the reasons stated more fully above, it is clear that Prince's claims require an interpretation of both the Spouse

Life Policy itself and the procedures necessary to effectuate that policy. If this Court were to allow Prince's claims to proceed, then it would need to determine evidence of insurability requirements were satisfied as to the Spouse Life Policy, and whether the 2011 decision to suspend the plan was proper. As such, no independent legal duty is implicated here, and Prince's claims are preempted by ERISA.

## IV. CONCLUSION

For the foregoing reasons, it is clear that Prince's claims must be dismissed by this Court without prejudice. This Court finds that because Prince's stated causes of action "duplicate, supplement, or supplant the ERISA civil enforcement remedy," those claims are completely preempted by ERISA. *See **Aetna Health Inc. v. Davila***, 542 U.S. at 209. As such, Prince must first exhaust the administrative remedies available to him under the ERISA statutory scheme before re-filing any related action.

This Court finds that the Defendant Sears' Motion to Dismiss **[Doc. 3]** should be, and hereby is **GRANTED**, and Plaintiff's claims are hereby **DISMISSED WITHOUT PREJUDICE**. Additionally, Plaintiff's Motion to Remand to State Court **[Doc. 12]** is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: December 21, 2015

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE